```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


BRIAN K. DEFELICE,              )
                                )
       Plaintiff,               )
                                )
          v.                    )   Civil Action No. 06-472
                                )   Judge Hardiman
OFFICER JOSEPH POSCATKO,        )   Magistrate Judge Caiazza
et al.,                         )
                                )
       Defendants.              )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is recommended that the Plaintiff's Complaint be dismissed because of his failure to prosecute this action.

#### II. REPORT

This action was commenced by the Plaintiff, Brian K. DeFelice ("the Plaintiff" or "DeFelice") against Officer Joseph Poscatko and other Defendants (collectively "the Defendants"). For the reasons set out in this Report, it is recommended that the Plaintiff's Complaint be dismissed because of his failure to prosecute this action.

DeFelice filed this action on April 10, 2006. On June 2, 2006 the Defendants filed a Motion to Dismiss and a brief in support (Docs. 7 & 8). On the same date the court ordered the Plaintiff to file a response to the Defendants' Motion and brief by July 3, 2006. He failed to respond.

Because of the dormancy of this action, this court entered a second order dated November 3, 2006 directing the Plaintiff to show good cause by November 17, 2006 why this case should not be dismissed because of his failure to comply with this court's order dated June 2, 2006. To date, DeFelice has not shown good cause why he has failed to comply with the orders entered by this court.

In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors are as follows:

(1)   The extent of the parties personal responsibility;

(2)   The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)   A history of dilatoriness;

(4)   Whether the conduct of the party or the attorney was willful or in bad faith;

(5)   The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)   The meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984).

A consideration of the factors set out in <u>Poulis</u> requires that this action be dismissed. Factors one and four each relate to the Plaintiff's failure to comply with this court's two prior orders, that is, the extent of his personal responsibility, and whether his conduct was willful or in bad faith. These two factors weigh heavily against DeFelice. With respect to factor number one, it is clear that the Plaintiff's failure to comply

with this court's orders was his personal responsibility. With respect to factor four, this court finds that the Plaintiff wilfully ignored two prior orders entered by this court.

Relative to factor number two, the court must consider the prejudice caused to the adversary because of the Plaintiff's failure to comply with the prior orders he ignored. With respect to this factor, there appears to be no specific prejudice to the Defendant, other than general delay.  Therefore, this factor will not be weighed against DeFelice.  Similarly, factor number six, the meritoriousness of the claim, will be weighed neither in favor of nor against the Plaintiff.

Turning to factor number three, other than the lapse of time, there is no protracted history of dilatoriness. The Plaintiff has, however, failed to respond to two orders which were issued by this court, which has caused a delay in the prosecution of this case. This factor weighs slightly against the Plaintiff.

The final factor to consider here is the effectiveness of sanctions other than dismissal. Since the Plaintiff filed this action <u>in forma pauperis</u> it is useless to impose the sanction of attorney fees. Also, because DeFelice has failed to comply with two orders entered by this court, it appears that he has no interest in pursuing this case. Therefore, dismissal is the most appropriate action. In sum, DeFelice's Complaint should be dismissed because of his failure to prosecute this action.

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and Rule 72.1.4 (B) of the Local Rules for

Magistrates, objection to this report and recommendation are due by December 13, 2006. Responses to objections are due by December 26, 2006.

November 27, 2006                s/Francis X. Caiazza
                            Francis X. Caiazza
                            U.S. District Court Judge

cc:
BRIAN K. The Plaintiff GJ-3558
SCI Camp Hill
P. O. Box 200
Camp Hill, PA 17001-0200

All Parties of record.